IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JOSEPH C. JONES, | ) |
| Plaintiff, | ) ) |
| v. | ) CASE NO. 2:21-CV-457-WHA-SMD |
| | ) [WO] |
| BLAKE TURMAN, et al., | ) ) |
| Defendants. | ) |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

### I. INTRODUCTION

This 42 U.S.C. §1983 action is pending before the court on a complaint filed by Joseph C. Jones, a county inmate, in which he challenges conditions at the Covington County Jail. Doc. 1 at 2–5. Jones names Blake Turman, the Sheriff of Covington County, Lt. Keith Varner and Capt. Thomas Hugghins, officers at the jail, and Greg White, a member of the Covington County Commission, as defendants in this cause of action. Jones seeks a declaratory judgment, injunctive relief and monetary damages for the alleged violations of his constitutional rights. Doc. 1 at 6.

After a thorough review of the complaint, the undersigned concludes that the claims lodged against Greg White are due to be summarily dismissed in accordance with the provisions of 28 U.S.C. § 1915A.[1]

---

[1] In any civil action filed by a prisoner, this court is obligated to screen the complaint under the provisions of 28 U.S.C. § 1915A. This screening procedure requires that "the court . . . dismiss the complaint, or any portion of the complaint, if the complaint – (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(A)(a) & (b)(1)–(2) .

## II.  DISCUSSION

### A.  Covington County Commissioner Greg White

The law is well-settled that a county commission and each of its individual members are entitled to absolute immunity under ' 1983 for claims arising from the appropriation of funds for the construction, maintenance or operation of a county jail. *Woods v. Garner*, 132 F.3d 1417, 1420 (11th Cir. 1998). Moreover, to the extent Jones seeks to hold Commissioner White liable as the employer of the sheriff and county jail officials, there is no liability under § 1983 "on the basis of respondeat superior or vicarious liability." *Cottone v. Jenne*, 326 F.3d 1352, 1360 (11th Cir. 2003); *Gonzalez v. Reno*, 325 F.3d 1228, 1234 (11th Cir. 2003) (concluding officials are not liable on the basis of respondeat superior or vicarious liability); *Hartley v. Parnell*, 193 F.3d 1263, 1269 (11th Cir. 1999), citing *Belcher v. City of Foley*, 30 F.3d 1390, 1396 (11th Cir. 1994) (holding that 42 U.S.C. § 1983 does not allow a plaintiff to hold defendant liable under either a theory of respondeat superior or vicarious liability). Thus, Plaintiff=s claims against Greg White provide no basis for relief, and these claims are due to be dismissed in accordance with the provisions of 28 U.S.C. § 1915A.

## III.  CONCLUSION

Accordingly, the Magistrate Judge RECOMMENDS that:

1.  Plaintiff's claims against Covington County Commissioner Greg White be DISMISSED with prejudice under 28 U.S.C. § 1915A.

2.  Defendant White be TERMINATED as a party to this action.

3. This case, with respect to Plaintiff's claims against defendants Turman, Varner and Hugghins be referred to the undersigned Magistrate Judge for further proceedings.

It is ORDERED that **by December 30, 2021**, the parties may file objections to the Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which party objects. Frivolous, conclusive or general objections will not be considered by the District Court. Plaintiff is advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and legal conclusions set forth in the Recommendations of the Magistrate Judge shall bar a party from a *de novo* determination by the District Court of these factual findings and legal conclusions and shall "waive the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11TH Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993)("When the magistrate provides such notice and a party still fails to object to the findings of fact and those findings are adopted by the district court the party may not challenge them on appeal in the absence of plain error or manifest injustice."); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this 16th day of December, 2021.

/s/ Stephen M. Doyle
STEPHEN M. DOYLE
CHIEF UNITED STATES MAGISTRATE JUDGE